765 P.2d 1007

**The STATE of Arizona, Appellee,**

**v.**

**Philip Lynn TASSLER, Appellant.**

**No. 2 CA–CR 88–0022.**

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 2, 1988.

Redesignated as Opinion and Publication Ordered Sept. 8, 1988.

Review Denied Jan. 11, 1989.

**184**

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Wayne E. Yehling, Tucson, for appellant.

OPINION

LIVERMORE, Presiding Judge.

When three police officers responded to a domestic disturbance call involving, they had been told, physical violence, defendant refused to leave his trailer. Because his wife appeared to the officers to have been assaulted, and because if defendant had no explanation they intended to arrest him, the officers entered the trailer. When defendant moved his hand toward a knife on his belt, the officers sought to stop him and a fracas ensued. Defendant was convicted of resisting arrest. On appeal, he contends that the trial court erred in instructing on the elements of the offense and on the permissible use of force to resist excessive police force, in admitting evidence of prior bad acts, in failing to suppress evidence, and in imposing an excessive sentence. Finding no error, we affirm.

Defendant's first argument is that the court should have defined the term "arrest" in its instructions. Because defendant did not request such an instruction

nor object to the instructions given, that issue is waived. It does not rise to the level of fundamental error for three reasons. First, arrest is a term of common understanding that need not be further defined. *State v. Tison*, 129 Ariz. 526, 633 P.2d 335 (1981). Second, the instructions given allowed the argument suggested by appellate counsel, that defendant did not know he was being arrested. Third, the case was tried on the theory that defendant was privileged to use force in response to the excessive force of the officers, not that he did not know he was under arrest. One cannot premise fundamental error upon a new theory of the case constructed on appeal.

■ Defendant contends that the instruction on justification for the use of force in resisting an arrest did not adequately inform the jury that defendant need only raise a reasonable doubt on that issue. Because the instruction given was the one expressly requested by defense counsel, that issue is waived. One may not deliberately inject error in the record and then profit from it on appeal. *State v. Taylor*, 109 Ariz. 481, 512 P.2d 590 (1973). In any event, the instruction in this case did not create the risk of shifting the burden of proof on justification to the defendant. *State v. Cannon*, 157 Ariz. 107, 755 P.2d 412 (1988).

■ Defendant next complains of the trial court's rulings permitting evidence that police had been to his house before on a domestic disturbance call and admitting defendant's post-arrest statement "after the last time, I made up my mind that I was going to kill the next cop that came through my door." Taking the statement first, it is plainly relevant to whether defendant sought to use a knife so that the officers' use of force to effect the arrest was not excessive. It also demonstrates the intent to resist arrest. The prior police visit necessarily would be in evidence because of the statement. That prior visit, and the physical encounter between police and defendant that then occurred, an encounter introduced into evidence by the defense, was independently admissible to prove defendant's knowledge of the purpose of the police and to prove the reasonable apprehension of the police of potential violent conduct by the defendant.

■ Defendant's fourth argument is that the trial judge should have suppressed knives found in the trailer because the warrantless police entry to arrest defendant was illegal under *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). For three reasons, we disagree. First, the officers intended to arrest before defendant retreated into his trailer. That arrest could not be defeated by the retreat. *United States v. Santana*, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). Second, there were exigent circumstances. In responding to a call regarding spousal assault, officers must have the freedom to prevent further abuse. Not only had an assault already occurred, but the act of calling the police was likely to enrage further the assailant. In these circumstances, a warrantless entry to effect an arrest or to determine whether an arrest is necessary is a reasonable method to prevent further assaultive behavior. *See* 2 W. LaFave, *Search & Seizure* 605 (2d ed. 1987). Third, even if the entry to arrest for domestic violence was unlawful, defendant's resistance was a new crime; the arrest for it and the search incident to it were lawful. *United States v. Bailey*, 691 F.2d 1009 (11th Cir.1982). One may not resist an illegal arrest by the threatened use of a knife and then suppress the knife on the ground that it would never have been used had the officers behaved legally. *United States v. King*, 724 F.2d 253 (1st Cir.1984).

Finally, defendant contends that his sentence was excessive. The aggravated sentence was justified by the circumstances of this case and by defendant's prior felony conviction for assault on a police officer.

AFFIRMED.

HATHAWAY and HOWARD, JJ., concur.