813 P.2d 728

**The STATE of Arizona, Appellee,**

**v.**

**Mario Palma DIAZ, Appellant.**

**No. CR–90–0212–PR.**

Supreme Court of Arizona, En Banc.

July 23, 1991.

Robert K. Corbin, Former Atty. Gen. by Jessica G. Funkhouser, Former Chief Counsel, Crim. Div. and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Robert F. Arentz, Cochise County Public Defender by Benna R. Troup, Asst. Public Defender, Bisbee, for appellant.

## AMENDED OPINION

MOELLER, Justice.

### FACTS AND PROCEDURAL HISTORY

Mario Palma Diaz (defendant) was convicted of transportation for sale of a narcotic drug and of wilfully fleeing from a pursuing law enforcement vehicle. He contended that he committed the acts under duress and the trial court, at defendant's request, instructed the jury on the elements of duress. Defense counsel also requested, and the court gave, Recommended

Arizona Jury Instruction (RAJI) 4.01, which read:

If you decide that the defendant's conduct was justified, you must find the defendant not guilty.[1]

Defense counsel based part of her final argument on the language of this instruction. Following a guilty verdict, defendant made a motion for new trial and a separate motion to vacate judgment based on newly discovered evidence. Neither motion complained of the giving of RAJI 4.01.

On appeal, defense counsel asserted for the first time that the trial court had committed fundamental error by giving the RAJI instruction she had requested. The court of appeals agreed with this assertion, holding that the "*Hunter* rule"[2] in self-defense cases applied to this duress case and that the jury instruction had therefore impermissibly shifted the burden of proof. *State v. Diaz*, 166 Ariz. 442, 803 P.2d 435 (App.1990). The appeals court ordered a new trial.

We granted the state's petition for review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

### ISSUE

The state's petition for review phrased the issue as follows: "Is the giving of a *Hunter* instruction, requested by defense counsel, fundamental error in every case regardless of whether the defendant pleads duress instead of self-defense?" We note first that the term "*Hunter* instruction," which has crept into the language of Arizona jurisprudence, is somewhat of a misnomer. *Hunter* did not fashion an instruction—it merely condemned one. "*Hunter* instruction" has come to mean an instruction like the one disapproved in *Hunter*. *Hunter* held that the giving of former RAJI 4.01 was error in a self-defense case because the instruction was perceived to impermissibly shift the burden of proof on

1. This instruction has since been dropped from RAJI. *See* Gerber, Recommended Arizona Jury Instructions, Criminal (1989).

2. *State v. Hunter,* 142 Ariz. 88, 688 P.2d 980 (1984).

self-defense to the defendant. *Hunter,* 142 Ariz. at 90, 688 P.2d at 982.

For the reasons stated below, we do not reach the outer limits of the issue as phrased by the state. We hold only that, under the circumstances of this case, the defendant cannot claim error for the first time on appeal by reason of an instruction given at his request. We therefore do not reach the question of whether the *Hunter* self-defense rationale would, in an appropriate case, apply in a duress case.

## DISCUSSION

In *Hunter,* a first-degree murder case, this court held that the giving of the then-stock jury instruction, RAJI 4.01, was fundamental error in a self-defense case because the instruction could be construed to impermissibly shift the burden of proving self-defense to the defendant. 142 Ariz. at 90, 688 P.2d at 982. *Hunter* was decided in 1984. The present case was tried in 1989.

It does not necessarily follow, however, that a new trial is required when a defendant claiming duress, and not self-defense, deliberately requests and receives a *"Hunter* instruction" *five years after Hunter* was decided. Here, defendant not only requested the instruction that this court had several times struck down in the self-defense context, but also used its exact language in final argument. Absent any other explanation in the record, we must presume that defendant had some reason for requesting the instruction in this case even though it would be an erroneous instruction in a self-defense case.

This is invited error at its worst, and it is waived for appeal purposes. *See State v. Tassler,* 159 Ariz. 183, 185, 765 P.2d 1007, 1009 (App.1988). We have long held that a party cannot complain on appeal that the trial court gave an instruction that he specifically requested. *State v. Taylor,* 109 Ariz. 481, 483, 512 P.2d 590, 592 (1973); *State v. Dutton,* 106 Ariz. 463, 466, 478 P.2d 87, 90 (1970) (a defendant cannot complain on appeal that an instruction placed burden ·of proving innocence upon defendant, when defendant did not object to in-

struction at trial and in fact requested it); *Roscoe v. Schoolitz,* 105 Ariz. 310, 315, 464 P.2d 333, 338 (1970); *State v. Evans,* 88 Ariz. 364, 369, 356 P.2d 1106, 1109 (1960) (citing *State v. Serna,* 69 Ariz. 181, 186, 211 P.2d 455, 458 (1949), *cert. denied,* 339 U.S. 973, 70 S.Ct. 1031, 94 L.Ed. 1380 (1950)); *Sisson v. State,* 16 Ariz. 170, 141 P. 713 (1914) (even if shifts burden of proof); *Verdugo v. Po Shing Gee,* 4 Ariz. App. 113, 115, 417 P.2d 747, 749 (1966). As stated in *Tassler,* "Because the instruction given was the one expressly requested by defense counsel, that issue is waived. One may not deliberately inject error [into] the record and then profit from it on appeal." 159 Ariz. at 185, 765 P.2d at 1009.

We recognize that in *State v. Tittle,* a murder case in which the defendant received the death penalty, this court did not apply the doctrine of invited error to a defendant who requested and received the RAJI 4.01 instruction in connection with his claim of self-defense. 147 Ariz. 339, 342, 710 P.2d 449, 452 (1985). In *Tittle,* the state conceded that *Hunter,* which had not been decided before Tittle's trial, required a new trial. *Id.* Similarly, in *State v. Garcia,* the court of appeals, in holding that *Hunter* was retroactive, did not apply the doctrine of invited error in a case in which the defendant had requested RAJI 4.01 before this court's opinion in *Hunter* condemned its use in self-defense cases. 152 Ariz. 245, 731 P.2d 610 (App.1986).

In the present case, unlike in *Tittle* and *Garcia,* the rule in *Hunter* had been on the books for five years before the trial. A workable adversarial court system requires imputation of knowledge of the law to litigants—an imputation from which litigants should be relieved only sparingly. We have recently restated the fundamental error doctrine and pointed out its narrow applicability. *State v. Gendron,* 168 Ariz. 153, 812 P.2d 626 (1991). Although the ·fundamental error doctrine competes with the doctrine of invited error, neither doctrine should be given automatic precedence over the other. In *State v. Cannon,* we applied fundamental error analysis to defendant's requested jury instruction with-

out discussing the application of the invited error doctrine. 148 Ariz. 72, 79, 713 P.2d 273, 280 (1985). In doing so we did not state, however, that fundamental error analysis automatically applies. *Cannon* held only that, under the circumstances of that case, the court was limited to a fundamental error analysis. In *Cannon*, this court had not previously disapproved the requested instruction. Here, however, equity favors the application of the usual rule of invited error rather than the exceptional rule of fundamental error. We will not allow a defendant to deliberately inject error into the record and then profit on appeal.

In making our ruling, we are also mindful of the argument that appellate courts in criminal cases should hear and determine all issues presented even if they have not been properly preserved for appeal. To do otherwise, it may be asserted, is merely to invite post-conviction proceedings based on claims of alleged ineffective assistance of counsel. We emphatically reject this approach for two reasons, either of which is, by itself, compelling. First, the American criminal justice system is designed so that appellate courts *review* trial court rulings; they do not decide abstract questions inserted into the case for the first time on appeal. Many matters, if presented to the trial court, may be expeditiously resolved at that level without the laborious procedure of conducting a new trial months or years later. The law should encourage parties to present their claims in a timely fashion in the forum that may most expeditiously resolve it.

Second, a legal error on a jury instruction, an evidentiary point, or some other trial matter does not necessarily translate into a viable ineffective assistance of counsel claim. The standards of conduct and burdens of proof are entirely different. Even with respect to claims of ineffective assistance of counsel raised for the first time on appeal, we have held that we will not decide them on direct appeal unless they may be disposed of as clearly meritless. *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989).[3] Certainly, we should apply no less rigorous a rule to other types of claims.

## CONCLUSION

We do not decide whether, in an appropriate case, the rule in *Hunter* applies to duress cases as it does to self-defense cases. We do decide that, under the circumstances of this case, the defendant cannot complain of the jury instruction which the trial court gave at his request. We vacate that portion of the court of appeals' opinion that is inconsistent with this opinion, and remand to the trial court for further proceedings in accordance with the balance of the court of appeals' opinion.

FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.

GORDON, C.J., recused himself and did not participate in the determination of this matter.

---

**3.** The appropriate procedure is to establish a record during a Rule 32 post-conviction proceeding. Ariz.R.Crim.P., Rule 32.