FILED BY CLERK

DEC 22 2008

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | 2 CA-CR 2007-0369 |
| | ) | DEPARTMENT B |
| v. | ) | |
| | ) | O P I N I O N |
| ARMANDO GALAVIZ FIERRO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20042470

Honorable Howard Hantman, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
　By Kent E. Cattani and Amy M. Thorson　　　　　　　　　　　　　　　Tucson
　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
　By Stephan J. McCaffery　　　　　　　　　　　　　　　　　　　　　　Tucson
　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Appellant

V Á S Q U E Z, Judge.

¶1        Following a jury trial, appellant Armando Fierro was convicted of transporting marijuana weighing two pounds or more for sale, a class two felony, in violation of A.R.S. § 13-3405(A)(4). The trial court sentenced him to a mitigated, four-year term of imprisonment. On appeal, Fierro argues the court erred in instructing the jury on the mental state required for the commission of the offense. He further contends the court's instruction on the elements of § 13-3405(A)(4) was ambiguous and might have misled the jury. For the following reasons, we affirm.

## Factual and Procedural Background

¶2        We review the facts in the light most favorable to sustaining the jury's verdict. *State v. Tucker*, 205 Ariz. 157, n.1, 68 P.3d 110, 113 n.1 (2003). At approximately 7:25 a.m. on June 30, 2004, an Arizona Department of Public Safety officer stopped a red Ford Ranger pickup truck on Interstate 10 for a vehicle equipment violation. Fierro was the driver and sole occupant of the truck. As the officer approached, he detected an odor of marijuana coming from the bed of the truck, which had a fiberglass cover concealing its contents. When the officer asked him questions, Fierro avoided eye contact, appeared nervous, and repeatedly glanced at the bed of the truck. He consented to a search of the vehicle, which revealed forty-nine bales of marijuana, weighing a total of 629 pounds, in the bed of the truck.

¶3        After Fierro had been arrested and informed of his *Miranda*[1] rights, he stated that he had been attempting to earn money by performing odd jobs when a man had asked

_____

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

2

if he would drive a truck from one gas station to another in exchange for $1,000. When Fierro asked the man what he would be transporting, the man replied "drugs."

**Discussion**

¶4      Fierro first contends the trial court improperly gave the state's requested jury instruction regarding the element of "knowledge" because the instruction "relieved the state of its burden of proving that Fierro was aware or believed that his cargo was marijuana." Thus, he argues "the error violated [his] state and federal constitutional due process and fair trial rights." We review for abuse of discretion a trial court's decision to give a requested jury instruction. *State ex rel. Thomas v. Granville*, 211 Ariz. 468, ¶ 8, 123 P.3d 662, 665 (2005). But we review de novo whether jury instructions accurately state the law. *State v. Bocharski*, 218 Ariz. 476, ¶ 47, 189 P.3d 403, 414 (2008). In making this determination, we consider the instructions in their entirety "to ensure that the jury receive[d] the information it need[ed] to arrive at a legally correct decision." *Granville*, 211 Ariz. 468, ¶ 8, 123 P.3d at 665.

¶5      To support a conviction under § 13-3405(A)(4), the state had to prove Fierro knew the truck was carrying marijuana. At trial, the state presented no direct evidence that Fierro actually knew he was transporting marijuana rather than some other drug. Although Fierro told the detective who interviewed him that he knew there were drugs in the bed of the truck, he stated he did not know what type of drugs he was transporting. Thus, the state requested what it termed a "deliberate ignorance" jury instruction. Over Fierro's objection, the trial court instructed the jury as follows:

3

> The State is required to show the defendant knew that he was transporting marijuana. That knowledge can be established . . . by showing that the defendant was aware of the high probability that the package[s] contained marijuana, and that he acted with conscious purpose to avoid learning the true contents of the packages.

¶6　　　　The language of the instruction was taken from *State v. Diaz*, 166 Ariz. 442, 803 P.2d 435 (App. 1990), *vacated in part on other grounds*, 168 Ariz. 363, 813 P.2d 728 (1991), a case factually similar to this case.[2] There, the defendant admitted transporting an illegal substance but claimed ignorance of the specific type of substance he had transported. *Id.* at 444, 803 P.2d at 437. In *Diaz*, this court commented that the requisite knowledge can be proved by showing that a defendant "was aware of the high probability that the packages contained [the] narcotic drug [the defendant was charged with transporting] and that he acted with a conscious purpose to avoid learning the true contents of the packages." *Id.* at 445, 803 P.2d at 438.

¶7　　　　Fierro contends either the language from *Diaz* is dictum or, if central to the court's holding, then *Diaz* misstates the law. Thus, he argues, the jury instruction improperly equated "knowingly" with the lesser mens rea of "recklessly" and effectively informed the jury that it could find Fierro "*knowingly* transported marijuana if he only *recklessly* did so." We disagree.

¶8　　　　In *State v. Haas*, 138 Ariz. 413, 420, 675 P.2d 673, 680 (1983), our supreme court used substantially the same language in affirming the defendant real estate agent's

_____

[2]Although the practice is discouraged, a trial court may employ language from an appellate opinion when drafting a jury instruction if the instruction accurately states the law. *See State v. Rutledge*, 197 Ariz. 389, ¶ 11, 4 P.3d 444, 447 (App. 2000).

convictions on five counts of fraudulent scheme and artifice arising from various real estate transactions. In challenging his convictions, the defendant argued that, although his purchasers may have been involved in an underlying scheme to defraud the sellers, he was not aware of the fraudulent nature of their scheme, and he denied that he intentionally participated in it. *Id.* The supreme court characterized the "issue of whether defendant acted knowingly and intentionally []as a judgment of his credibility." *Id.* In determining the evidence was sufficient to support the jury's verdict, the court stated: "[T]he jury could easily have concluded that even if defendant had no actual knowledge of the fraud, he was aware of the high probability that the scheme was fraudulent and deliberately shut his eyes to avoid learning the truth. Such a conclusion justifies the ultimate inference of knowing participation." *Id.* at 420, 675 P.2d at 680, *citing United States v. McDonald*, 576 F.2d 1350, 1360 n.17 (9th Cir. 1978); *see also United States v. Lopez-Martinez*, 725 F.2d 471, 472-73 (9th Cir. 1984) (approving instruction similar to instruction here).

¶9        We conclude the instruction the trial court gave accurately stated the law applicable to this case. It properly informed the jury that Fierro's claim that he lacked the requisite knowledge for the commission of the offense entailed a credibility determination for the jury to make. By its verdict, the jury resolved this issue against Fierro, and it is not the role of this court to second-guess that assessment. *See State v. Scott*, 113 Ariz. 423, 425, 555 P.2d 1117, 1119 (1976). Thus, we find no error in the challenged instruction to the jury. *See State v. Rutledge*, 197 Ariz. 389, ¶ 11, 4 P.3d 444, 447 (App. 2000).

¶10       Additionally, the trial court accurately defined "knowingly" in another instruction, taking its language directly from A.R.S. § 13-105(9)(b). It instructed the jury on

5

the statutory elements required to find Fierro guilty of the crime of transporting marijuana for sale. It also instructed the jury on the distinction between actual and constructive possession and explained that Fierro's mere presence at the scene with the marijuana was insufficient to support a conviction. We therefore conclude the trial court's instructions, taken as a whole, conveyed the information the jury needed "to arrive at a legally correct decision." *Granville*, 211 Ariz. 468, ¶ 8, 123 P.3d at 665.

¶11 Fierro next argues the instruction concerning the statutory elements of transporting marijuana for sale was ambiguous and might have misled the jury. Because he failed to raise this issue below, however, we review only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). "To establish fundamental error, [Fierro] must show that the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* ¶ 24. He must also establish that the error caused him prejudice. *Id.* ¶ 20.

¶12 The trial court instructed the jury on the elements of the offense of transportation of marijuana for sale as follows:

> The crime of transporting marijuana for sale requires proof of the following two things:
>
> One, the defendant knowingly transported marijuana for sale; and,
>
> Two, the defendant knew that it was marijuana.

Fierro contends the jury might have interpreted this instruction as though the term "knowingly" applied only to "transported" and not also to "for sale." Thus, he contends the

instruction omits "the requirement that [he] knew the marijuana was for sale." Again, we disagree.

¶13    The instruction tracked the language of § 13-3405(A)(4). As used in both the statute and the instruction, "knowingly" applies to all of the elements of the offense. In accordance with the statute, the court's instruction placed the mens rea before the elements of the offense without distinguishing among them. Generally, when "a statute defining an offense prescribes a culpable mental state that is sufficient for commission of the offense without distinguishing among the elements of such offense, the prescribed mental state shall apply to each such element." A.R.S. § 13-202(A). Because the instruction correctly stated the law without ambiguity, the trial court did not err.

¶14    Furthermore, even assuming any ambiguity in the instruction, it was mitigated during closing arguments. *See State v. Morales*, 198 Ariz. 372, ¶ 5, 10 P.3d 630, 632 (App. 2000) (alleged ambiguity in instruction alleviated by prosecutor's closing argument); *State v. Bruggeman*, 161 Ariz. 508, 510, 779 P.2d 823, 825 (App. 1989) ("Closing arguments of counsel may be taken into account when assessing the adequacy of jury instructions."). The prosecutor explained the "for sale" element of the offense as follows: "Now, the last part of this is . . . knowledge . . . the defendant has to know that he was transporting this load of marijuana for sale . . . . [H]e [has to] know[] that he's transporting it and it's . . . going to be sold." In closing argument for the defense, counsel stated: "So he has to know that he's transporting, and he has to know that it's marijuana, and he has to know that it's for sale. All three of those things he has to know." Defense counsel also stated: "If you decide that the State has not proven beyond a reasonable doubt that Mr. Fierro knew that whatever was in

7

that truck was for sale, you can't find him guilty of transportation of marijuana for sale." Thus, the jury was properly informed that, to find Fierro guilty, it had to find that he knew he was transporting marijuana and knew the marijuana was for sale. We find no error, fundamental or otherwise, in the instruction given.

**Disposition**

¶15    For the reasons stated above, we affirm Fierro's conviction and sentence.


_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
PHILIP G. ESPINOSA, Judge