IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

FEB 13 2009

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,          )
                               )
                Appellee,      )          2 CA-CR 2006-0347
                               )          DEPARTMENT B
          v.                   )
                               )          O P I N I O N
ANSON RYDELL NORRIS,           )
                               )
                Appellant.     )
                               )
_____)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20054495

Honorable Howard Hantman, Judge

VACATED IN PART AND REMANDED

_____

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Aaron J. Moskowitz                    Phoenix
                                                   Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                                       Tucson
                                                  Attorneys for Appellant

_____

E C K E R S T R O M, Presiding Judge.

**¶1**　　　　Following a jury trial, appellant Anson Norris was convicted of second-degree burglary, a class three felony. After determining Norris had a prior felony conviction, the trial court enhanced his sentence under former A.R.S. § 13-604[1] and imposed a presumptive, 6.5-year prison term. *See* 2005 Ariz. Sess. Laws, ch. 188, § 1. Norris argued on appeal that the trial court erred by finding his prior federal conviction qualified as a historical prior conviction pursuant to § 13-604. We affirmed his sentence without reaching the merits of his argument, consistent with *State v. Song*, 176 Ariz. 215, 860 P.2d 482 (1993). *See State v. Norris*, No. 2 CA-CR 2006-0347, ¶¶ 5, 7-8 (memorandum decision filed Feb. 14, 2008). The supreme court subsequently granted review of Norris's case and remanded it to this court for reconsideration in light of *State v. Smith*, 219 Ariz. 132, ¶¶ 20, 22, 194 P.3d 399, 403 (2008), which overruled *Song* and held a defendant is not precluded from claiming for the first time on appeal that his prison sentence was improperly enhanced with a prior foreign conviction. We now reach the merits of Norris's original claim, vacate his sentence, and remand his case for the reasons set forth below.

**Factual and Procedural Background**

**¶2**　　　　The jury in this case found Norris guilty of the sole count with which he was charged: burglary in the second degree, committed on October 25, 2005. For sentence-enhancement purposes, the state alleged Norris previously had been convicted of "Possession

[1]The sentencing provisions in Arizona's criminal code were renumbered, effective January 1, 2009. *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 1-120. In this opinion, we refer to the statute as numbered at the time Norris committed the present offense in October 2005.

with intent to distribute Marijuana" in the United States District Court for the District of Arizona. At a hearing to establish Norris's prior conviction, the state introduced into evidence certified copies of his federal indictment, plea agreement, and judgment of conviction. The judgment provided, in relevant part:

> THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S): violating Title 21, USC § 841(a)(1) & (b)(1)(C), Possession with Intent to Distribute Marijuana, a class C Felony Offense, as charged in Count 4 of the . . . Indictment.

The indictment reflected that Norris committed the federal offense on October 25, 2000.[2] The judgment indicated he entered a plea of guilty on August 2, 2002, and was sentenced October 15, 2002.

¶3 At the hearing, the state elicited testimony from Norris's federal probation officer that the amount of marijuana Norris had possessed, according to the federal indictment, was fifty to one hundred kilograms. When the state and Norris rested, the following exchange occurred:

> [THE STATE]: The State's position is that the defendant, during the trial, if the Court remembers, admitted that the reason why[,] when he went outside and he tried to run[,] he was afraid about his probation officer finding out. He admitted that he had a prior felony, that the documents here, the certified documents, clearly illustrate that he has this prior felony, which is a historical prior, and would be the equivalent of a class 2 felony here in Superior Court, and it stands as a historical prior

_____

[2]We disagree with Norris that this date merely represents the date of his prior arrest.

to [the] conviction that he was found guilty o[f] on July 20, 2006.

> THE COURT: Defense position?

> [DEFENSE]: We'll submit.

> THE COURT: The Court finds the State has borne it[]s burden concerning there is one historical prior conviction.

¶4 The court then imposed the enhanced, presumptive sentence of 6.5 years, and this appeal followed.

## Discussion

¶5 Norris now claims his enhanced sentence is illegal because the federal offense of which he was convicted "does not encompass all of the elements of any Arizona felony statute[]." Specifically, he argues the *mens rea* required for a conviction under 21 U.S.C. § 841(a)(1) would not necessarily support a conviction under state law. We review this question of law de novo, *State v. Crawford*, 214 Ariz. 129, ¶ 6, 149 P.3d 753, 755 (2007), and agree with Norris's argument.

¶6 Section 13-604(B) provides an enhanced sentencing range for a class three felony committed by a defendant who has "a historical prior felony conviction." 2005 Ariz. Sess. Laws, ch. 188, § 1. A foreign conviction is a historical prior felony conviction only if the foreign offense would have constituted a felony if committed in Arizona. *See* 2005 Ariz. Sess. Laws, ch. 188, § 1 (former § 13-604(N)); *State v. Phillips*, 139 Ariz. 327, 329-30, 678 P.2d 512, 514-15 (App. 1983) (conviction in Arizona district court may be historical prior

4

felony conviction under § 13-604). When making this determination, a sentencing court examines whether the foreign conviction entailed a finding by the former trier of fact, beyond a reasonable doubt, of "every element that would be required to prove an enumerated Arizona offense." *State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988). This requires a court to "compar[e] the statutory elements of the foreign crime with those in the relevant Arizona statute." *Crawford*, 214 Ariz. 129, ¶ 7, 149 P.3d at 755. A sentencing court may consider a foreign court's documents "'only to narrow the foreign conviction to a particular *subsection* of the statute that served as the basis of the foreign conviction.'" *Id.* ¶ 11, *quoting State v. Roque*, 213 Ariz. 193, ¶ 88, 141 P.3d 368, 392 (2006) (emphasis added); *see also State v. Thompson*, 186 Ariz. 529, 532, 924 P.2d 1048, 1051 (App. 1996). A court may not, however, consider the factual nature of the offense underlying the conviction. *Crawford*, 214 Ariz. 129, ¶¶ 7-9, 11, 149 P.3d at 755-56.[3]

¶7        As indicated by his federal judgment of conviction, Norris was convicted under 21 U.S.C. § 841(a)(1) and (b)(1)(C).[4] In general, § 841(a) specifies unlawful conduct

---

[3]This court has observed in dicta that pertinent jurisprudence preceding *Crawford* appears to allow sentencing courts to consider "'conclusive records made or used in adjudicating guilt'" to ascertain the precise elements of a foreign conviction under a broad statute. *State v. Joyner*, 215 Ariz. 134, ¶ 26, 158 P.3d 263, 272 (App. 2007), *quoting Shephard v. United States*, 544 U.S. 13, 21 (2005). But the state offered no such materials here nor has it suggested it was entitled to do so. We therefore need not address what types of records, if any, beyond those specifically itemized in *Crawford*, a court may appropriately consider for that purpose.

[4]The version of the statute in effect at the time Norris committed the offense is the same in relevant part and can be found in 114 Stat. 9, 10, 13.

involving controlled substances while § 841(b)(1) provides various maximum sentencing ranges based upon the type and quantity of drug. *United States v. Toliver*, 351 F.3d 423, 426 n.1 (9th Cir. 2003). Section 841(a)(1) is a broad, disjunctive provision making it unlawful for a person knowingly "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." A "controlled substance" is any drug or substance listed on the schedules I through V. Drug Abuse Prevention and Control Act, Pub. L. No. 106-172, § 3(c), 5(a), 114 Stat. 9, 10 (current version at 21 U.S.C. § 802(6)); *see also* Drug Abuse Prevention and Control Act, Pub. L. No. 98-473, Title II, §§ 508, 509(a), 98 Stat. 2071, 2072, Pub. L. No. 101-647, Title XIX, § 1902(a), 104 Stat. 4851 (allowing amendment to drug schedules by Attorney General) (current versions at 21 U.S.C. §§ 811, 812(a)-(b)); 21 C.F.R. §§ 1308.11-1308.15 (current code listing amended drug schedules). Norris's judgment of conviction, which expressly incorporates count four of his indictment, narrows the statutory basis of his conviction to 21 U.S.C. §§ 802(16) and 812(c)—specifically, schedule I(c)(10)—and establishes that his drug offense involved marijuana. *See Thompson*, 186 Ariz. at 532, 924 P.2d at 1051.

¶8        But the *mens rea* of the federal statute differs from that required to convict a defendant for a parallel crime in Arizona. Under § 841(a)(1), the government may secure a conviction for possession with intent to distribute by proving the defendant knowingly possessed any controlled substance; knowledge of the particular type of drug is not required. *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002); *United States v. Lopez-*

6

*Martinez*, 725 F.2d 471, 471, 474 (9th Cir. 1984). By contrast, under Arizona law, the state must prove the defendant knew the drug to be marijuana in order to convict the defendant of a marijuana-related offense.

¶9        Section 13-3405, A.R.S., provides:

> A. A person shall not knowingly:
>
> 1. Possess or use marijuana.
>
> 2. Possess marijuana for sale.
>
> 3. Produce marijuana.
>
> 4. Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

1996 Ariz. Sess. Laws, ch. 217, § 1. The plain language of § 13-3405 indicates the culpable mental state of "knowingly" applies to each element of the listed offenses. *See* A.R.S. § 13-202(A). Hence, the state cannot secure a conviction under § 13-3405 without proving the defendant knew the drug involved to be marijuana. *See State v. Fierro*, 546 Ariz. Adv. Rep. 3, ¶ 5 (Ct. App. Dec. 22, 2008) (proof of knowledge that drug was marijuana required for conviction of transporting marijuana under § 13-3405(A)(4)). Although this court has previously held such knowledge may be proven by circumstantial evidence and, in the context of A.R.S. § 13-3408(A), may be proven by evidence that a defendant took actions to avoid learning the type of drug involved, *see State v. Diaz*, 166 Ariz. 442, 445, 803 P.2d 435, 438 (App. 1990), *vacated in part on other grounds*, 168 Ariz. 363, 813 P.2d 728 (1991),

7

our jurisprudence has never relieved the state of the burden of proving the culpable mental state set forth in § 13-3405(A)(4). *See Fierro*, 546 Ariz. Adv. Rep. 3, ¶¶ 6-9.

¶10        In sum, to secure Norris's conviction under 21 U.S.C. § 841(a)(1), the government was not required to demonstrate that Norris knew that the substance he unlawfully possessed was marijuana. But under § 13-3405(A), Arizona's statute criminalizing marijuana-related offenses, proof of such knowledge is required. Because the elements of the federal statute therefore did not include every element necessary to constitute an enumerated crime under the Arizona statute, the trial court erred when it concluded Norris had a historical prior felony conviction for purposes of sentence enhancement under § 13-604(B). *See Crawford*, 214 Ariz. 129, ¶ 7, 149 P.3d at 755.[5]

¶11        The sentence is vacated and Norris's case remanded for resentencing in accordance with this opinion.

_____
PETER J. ECKERSTROM, Presiding Judge

---

[5]We recognize that we would likely reach a different result if, under our jurisprudence, trial courts were entitled to consider the facts underlying the foreign conviction when assessing whether that conviction necessarily would constitute a felony under Arizona law. Indeed, nothing in the documentation of Norris's federal conviction suggests Norris maintained he was unaware that he possessed marijuana. But, as discussed, because our settled jurisprudence requires that we exclusively focus on the elements of the respective foreign and Arizona offenses, without regard to the specific facts underlying the foreign conviction, we must come to the arguably counterintuitive result here.

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge



_____
GARYE L. VÁSQUEZ, Judge