NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ELIZABETH GUZMAN-LEAL, *Appellant.*

No. 1 CA-CR 15-0606
FILED 7-14-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-154276-001 DT
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Christopher M. DeRose
*Counsel for Appellee*

The Law Office of Kyle T. Green P.L.L.C., Mesa
By Kyle Green
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Kenton D. Jones joined.

**W I N T H R O P**, Presiding Judge:

¶1         Elizabeth Guzman-Leal ("Defendant") appeals her conviction and sentence for transporting marijuana for sale.  She challenges the trial court's instructions to the jury, and contends the State failed to properly disclose an expert witness.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2         Federal Border Patrol Agent Seager was conducting nighttime surveillance in a remote desert area south of Gila Bend where human and drug trafficking activities are known to occur.    At approximately 9:15 p.m., Agent Seager observed what appeared to be two human figures suddenly emerge along the side of Highway 85 six miles north of a border patrol checkpoint and proceed walking along the roadway.  The individuals walked in a "hunched-over" manner, indicating to Agent Seager that they were carrying something heavy on their backs.  Forty-five minutes later, Agent Seager noticed a vehicle approach and stop near the individuals, who then entered the vehicle.  The vehicle proceeded northbound.

¶3         Agent Seager relayed this information to other agents in the area.  Agent Jackson, who was patrolling the highway, observed the vehicle and stopped it.  Defendant was the driver.  Agent Harvick arrived at the scene and determined the two male passengers in the vehicle were in the country illegally.   Defendant was then arrested for suspected "alien smuggling."

---

[1]     We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2, 340 P.3d 1110, 1112 n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495, 924 P.2d 497, 499 (App. 1996)).

¶4         Agent Jackson began searching the vehicle's trunk, and he and Sheriff Deputy Felix, who had arrived at the scene, noticed two makeshift backpacks comprised of what appeared to be bundles of marijuana. Subsequent investigation confirmed the bundles were marijuana, and weighed 90 pounds in total.

¶5         The State charged Defendant with one count of transportation of marijuana, a class 2 felony. At trial, Defendant argued that, although she knew the passengers were in the country unlawfully when she picked them up, she was not aware of the marijuana found in the trunk. Deputy Felix, however, testified that, based on his training and experience, drug trafficking organizations rely on traffickers who are trustworthy and "know what they are doing." Over Defendant's objection, the court granted the State's requested jury instruction regarding deliberate ignorance, and denied Defendant's request for a mistake of fact jury instruction. The jury found Defendant guilty as charged, and the court imposed a mitigated three-year prison sentence. Defendant timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

### I.    Jury Instructions

¶6         The State was required to prove Defendant knew the marijuana was in her car's trunk. *See* A.R.S. § 13-3405(A)(4) (forbidding any person from knowingly transporting marijuana). Although the State presented no direct evidence of Defendant's knowledge, "both knowledge and possession may be shown by circumstantial evidence." *State v. Hull*, 15 Ariz. App. 134, 135, 486 P.2d 814, 815 (1971). In light of her defense at trial, the requisite knowledge could be established by showing that Defendant was aware of the high probability that the packages in her trunk contained marijuana "and that [s]he acted with a conscious purpose to avoid learning the true contents of the packages." *State v. Diaz*, 166 Ariz. 442, 445, 803 P.2d 435, 438 (App. 1990), vacated in part on other grounds by *State v. Diaz*, 168 Ariz. 363, 813 P.2d 728 (1991). Accordingly, the trial court instructed the jury as follows:

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

DELIBERATE IGNORANCE

> The State is required to prove beyond a reasonable doubt that the Defendant knew that she was transporting marijuana for sale. That knowledge can be established by either direct or circumstantial evidence showing that the Defendant was aware of the high probability that the vehicle contained marijuana and that the Defendant acted with conscious purpose to avoid learning the true contents of the vehicle. You may not find such knowledge, however, if you find that the Defendant actually believed that no marijuana was in the vehicle driven by the Defendant, or if you find that the Defendant was simply careless.

**¶7**      Defendant argues the court erred in giving this instruction because the evidence does not support it. Specifically, Defendant contends no evidence demonstrates she took active steps to avoid knowledge of the marijuana in the trunk of her car.[3]

**¶8**      A party is entitled to an instruction on any theory of the case reasonably supported by the evidence. *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995). We review a court's decision to give a jury instruction for abuse of discretion. *Id.*

**¶9**      The following trial evidence supports the instruction given by the court. Defendant picked up two men at night on a stretch of highway well known, in fact, "notorious," for trafficking drugs from Mexico to Phoenix, and she presumably opened her vehicle's trunk for the men to deposit their "backpacks." Defendant proceeded to drive north, towards Phoenix. The record reflects the man who sat in the front passenger seat smelled strongly of marijuana even after he unloaded his "backpack" in Defendant's trunk.

**¶10**      Deputy Felix testified that, at the time the marijuana was impounded, a "very strong" particular brand of air freshener that is commonly found in vehicles used for transporting marijuana was discovered hanging from Defendant's car's rear-view mirror. Additionally, Deputy Felix testified drug trafficking organizations do not utilize couriers who are unaware that they are transporting illicit drugs. He explained couriers who unknowingly traffic drugs pose a security risk to the

---

[3]      Defendant does not argue the given instruction misstates Arizona law.

organization if law enforcement intercepts the drug shipment in the courier's possession.

¶11 The foregoing evidence reasonably supported the State's position that Defendant either actually knew the marijuana was in her trunk, or that whatever lack of awareness she testified to regarding the presence of the drugs was due to her own conscious actions to remain ignorant. Consequently, the court did not abuse its discretion in instructing the jury on deliberate ignorance.

¶12 Defendant next argues the court should have instructed the jury on mistake of fact because such an instruction was required for the jury to properly understand her defense, namely that, although she knew she was picking up undocumented individuals, she was unaware that they put marijuana in her trunk.

¶13 Defendant does not indicate by reference to the record or otherwise precisely identify the language she offered in her proposed mistake of fact instruction. And our independent review reveals the requested instruction was not made part of the record. On this record, we could consider this issue waived. *State v. Lujan*, 124 Ariz. 365, 370, 604 P.2d 629, 634 (1979) (stating that, when the requested instruction was not made part of the record, the appellate court is not able to rule as a matter of law whether the instruction should have been given or whether it was substantially covered by the other instructions given by the court to the jury).

¶14 The State, however, does not contend Defendant has waived her argument in this regard. In her opening brief, Defendant implies the requested instruction was based on A.R.S. § 13-204(A)(1), which indicates "[i]gnorance or a mistaken belief as to a matter of fact does not relieve a person of criminal liability unless: [(]1[)] It negates the culpable mental state required for commission of the offense." Here, the jury was unambiguously instructed at least twice that the State was required to prove beyond a reasonable doubt that Defendant "knowingly" transported marijuana for sale; merely proving lack of knowledge or mere carelessness in understanding what her passengers were doing would not be sufficient to meet that burden of proof. Defense counsel used those instructions to argue at length that the evidence did not prove beyond a reasonable doubt that Defendant knew or had reason to know her passengers had placed ninety pounds of marijuana in the trunk of her car; the fact that the jury rejected Defendant's argument means the jury determined the actions of Defendant were not merely careless or a result of a lack of knowledge. On

the record, the court found the instruction Defendant proposed, "particularly with regard to knowledge," was adequately covered by the instructions given to the jury. *See State v. Hoskins*, 199 Ariz. 127, 145, ¶ 75, 14 P.3d 997, 1015 (2000) (stating the trial court is not required to give a proposed jury instruction if its substance is adequately covered by other instructions). Accordingly, we find no error. *See id.* (concluding the trial court did not err in omitting a proposed jury instruction because it would have been superfluous in light of other instructions).

## II. *Expert Testimony*

¶15 As she did in the trial court, Defendant argues the court should not have allowed Deputy Felix to testify as an "expert" (apparently regarding the *modus operandi* of drug trafficking organizations) because the State failed to disclose him as an expert and only relied upon Deputy Felix's training and law enforcement experience to establish the reliability of his expert opinion.

¶16 We disagree. In its disclosure statement made pursuant to Ariz. R. Crim. P. 15.1[4], the State specified it may call any of the listed officers, including Deputy Felix, to testify "as an expert witness with respect to an area within the officer's training and experience, including expert knowledge of illegal drugs, their possession or sale, useable amounts, or any other topic." Consequently, the State provided notice to Defendant of its intent to rely upon Deputy Felix's expert opinions at trial.

¶17 Moreover, a law enforcement officer's training and experience may itself be sufficient to establish the reliability of his or her expert opinion. *See* Ariz. R. Evid. 702 (allowing a witness who is qualified as an expert by knowledge, skill, experience, training, or education to testify in the form of an opinion); *see also State v. Delgado*, 232 Ariz. 182, 187, ¶ 14, 303 P.3d 76, 81 (App. 2013) (noting the 2012 amendment to Rule 702 was not intended to preclude experience-based expert testimony). Here, the record establishes Deputy Felix, a sheriff's deputy for the previous twelve years, had substantial training in "trends of drug smuggling through vehicles" and "drug trafficking organizations." Additionally, in the previous two or three years during his patrol assignment in the Gila Bend area, Deputy Felix participated in over forty drug investigations involving traffic stops or "backpacker scenarios" that resulted in approximately 20,000 pounds of marijuana being seized. Defendant does not argue Deputy Felix's training and experience are insufficient to render his

---

[4] Rule 15.1 outlines the State's disclosure obligations.

opinions regarding drug trafficking organization's operations unreliable. The court therefore did not abuse its discretion in admitting Deputy Felix's expert testimony. *See State v. Boyston*, 231 Ariz. 539, 544, ¶ 14, 298 P.3d 887, 892 (2013) (reviewing admissibility of expert evidence for abuse of discretion).

## CONCLUSION

¶18      Defendant's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA