NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

SONG POK KIM, *Petitioner.*

No. 1 CA-CR  18-0829 PRPC
FILED 5-2-2019

---

Petition for Review from the Superior Court in Maricopa County
No. CR2016-001686-001 DT
The Honorable Justin Beresky, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Kenton D. Jones joined.

---

**W I N T H R O P**, Judge:

¶1          Song Pok Kim petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR") of-right pursuant to Arizona Rule of Criminal Procedure 32.1.  We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

¶2          Kim was charged with five counts of the sale or transportation of dangerous drugs and one count of possession of dangerous drugs for sale.  He was working as a convenience store clerk when an undercover officer entered the store and asked him if he could purchase a product called "Head Rush 50X," which contained a statutorily prohibited substance.  Kim initially refused to sell the product because it was "making people pass out."  After the officer reassured Kim he wanted to purchase the product, Kim sold it to him.  The officer returned to the store on several occasions to purchase the same product from Kim.  He was arrested and subsequently pled guilty to four counts of the sale or transportation of dangerous drugs.  The other two charged counts were dismissed as part of his plea deal.

¶3          In his PCR petition, Kim argued he did not knowingly and voluntarily enter his guilty plea.  He also claimed actual innocence, the factual basis of the plea was insufficient, and his counsel was ineffective.  The court denied his claims for relief.  In his petition for review, Kim requests review of the denial of the claims involving the insufficiency of his plea's factual basis and his counsel's ineffectiveness.

¶4          We will not disturb a superior court's ruling on a petition for post-conviction relief unless the court abused its discretion.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).  The petitioner has the burden to show the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

*I.      Sufficiency of Factual Basis*

**¶5**          When Kim entered his guilty plea, his counsel stated the following:

> . . . Mr. Kim was a clerk at a convenience store.  An undercover police officer came in on each . . . date[] and purchased from him an incense called Head Rush, which Mr. Kim did knowingly sell.  This particular incense contained a [proscribed substance] as defined in the dangerous drug statute, making this a sale of a dangerous drug.

In his petition for review, Kim argues the factual basis does not address his knowledge regarding the contents of the product he sold—an element he argues must be established under Arizona Revised Statutes section 13-3407(A)(7).  *See generally State v. Norris*, 221 Ariz. 158, 161, ¶ 9 (App. 2009).  The element of knowledge may be established by proving the appellant was aware of the high probability the product contained a dangerous drug and acted with a conscious purpose to avoid learning the true contents of the package.  *See State v. Diaz*, 166 Ariz. 442, 445 (App. 1990), *vacated in part on other grounds*, 168 Ariz. 363, 366 (1991).  Even if the factual basis itself does not address this element, a factual basis can be supplemented by other documents in the record.  *State v. Salinas*, 181 Ariz. 104, 106 (1994).  Further, a factual basis does not need to be supported by evidence indicating guilt beyond a reasonable doubt; it only needs to be supported by strong evidence of guilt.  *Id.*

**¶6**          Here, the record establishes that Kim was aware of the high probability the product contained a dangerous drug.  He knew ingesting even small amounts of the product was causing people to "pass out."  The product had a label that included the imperative: "Warning! Not for Human Consumption."  When initially asked about the item, Kim said the product was not sold at the store.  The product was not displayed for sale but was kept in a concealed area.  After the undercover officer purchased the product, Kim instructed him to not tell anyone where he had purchased it.  These facts are strong evidence of *mens rea* and guilt, satisfying the necessary factual basis.

*II.      Ineffective Assistance of Counsel*

**¶7**          Kim argues his counsel was ineffective because his counsel advised him that his alleged lack of knowledge about the contents of the sold product was not a defense.  Kim claims his counsel should have been aware of the relevant law establishing that the State must prove a defendant

knew the contents of a product he sold. Although that is true, self-imposed ignorance cannot shield defendants from criminal responsibility. *See Diaz*, 166 Ariz. at 445. As we have recognized, substantial circumstantial evidence established Kim's knowledge of the product's contents. Given these facts, the court did not abuse its discretion in finding his counsel was not ineffective.

¶8        Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA