30 P.3d 631

STATE of Arizona, Appellee,

v.

Michael Philip LOGAN, Appellant.

No. CR–01–0053–PR.

Supreme Court of Arizona,
En Banc.

Sept. 6, 2001.

Janet Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for State.

The Wood Law Office, by Ronald D. Wood and Benjamin M. Brewer, Show Low, Attorneys for Logan.

## OPINION

McGREGOR, Justice.

¶ 1 We granted review to decide whether the court of appeals erred by failing to apply the invited error doctrine to a Revised Arizona Jury Instruction that the defendant requested at trial. We now vacate the court of appeals opinion.

### I.

¶ 2 Logan, a paralegal, prepared wills for the elderly victim and her husband, who died the next day. After his death, Logan prepared additional documents, which the victim signed, that gave him a durable power of attorney and established a trust designating the victim as beneficiary and himself as trustee. He also prepared a new will that made him the victim's sole beneficiary. Within three months, Logan had cashed the victim's life insurance policies, cashed her certificates of deposit, and spent all of her money on his personal expenditures.

¶ 3 The State charged Logan under three theories of theft, all based upon Arizona Revised Statutes (A.R.S.) section 13–1802: theft by control, misrepresentation, and conversion. At trial, Logan admitted spending the victim's money for his benefit but claimed she had loaned him the funds, to be repaid with interest. Logan conceded that no documents evidenced those agreements. The victim denied giving Logan permission to take

her money and denied agreeing to make him loans.

¶ 4 The prosecutor and defense counsel submitted proposed instructions to the court for approval. The court used the theft instruction from the Revised Arizona Jury Instructions (RAJI), which is identical to the theft instruction requested by the defendant.[1] The jury returned a verdict of guilty on all charges.

¶ 5 The defendant filed a motion for new trial based on the argument that the theft instruction was insufficient because it failed to include the statutory language "without lawful authority."[2] In the motion, counsel admitted that he "did not bring this up when going through jury instructions in this case." Defendant's Motion for New Trial at 2. The State asserted that the defendant had invited any error because the RAJI instruction given was identical to the instruction proposed by the defendant. The trial court denied the motion, finding the contested language "superfluous" in light of the other instructions given.

¶ 6 Before the court of appeals, the defendant argued that the court should review the theft instruction for fundamental error, given his failure to object. In response, the State again asserted that any error was invited and, alternatively, that the error was not fundamental.

¶ 7 Relying on *State v. Diaz*, 168 Ariz. 363, 365, 813 P.2d 728, 730 (1991), the court of appeals reversed the trial court, finding the invited error doctrine inapplicable and the error fundamental. We now vacate the decision of the court of appeals.

## II.

¶ 8 We have long held that when a party requests an erroneous instruction, any re-sulting error is invited and the party waives his right to challenge the instruction on appeal. In *Sisson v. State*, 16 Ariz. 170, 141 P. 713 (1914), we considered an erroneous instruction that placed a burden of proof upon the defendant. Because the defendant had requested the instruction, however, we found no reversible error:

> The policy of reversing cases at the instance of a defendant in a criminal cause because of error occurring by his invitation and request would, indeed, be unwise, for it must readily occur to anyone that the pursuit of such a course could not be fraught otherwise than with most mischievous consequences in the administration of the law. A party by clever and ingenious argument might in the hurry of a trial persuade a court to give an instruction which, upon a critical examination, would be found not good in point of law. The court should, of course, refuse to give an erroneous instruction, but, if one such is given, the party urging it may not be heard in this court to decry a result fashioned by his own handiwork. The toleration of such a procedure would tend often, perhaps, to encourage parties to strive in an endeavor to catch the court, and thus predicate a foundation for reversible error.
>
> It requires some assurance to urge upon this court to reverse a cause for an error urged and invited by the party complaining of it, but we must accentuate in this instance that such a course will not be permitted to endure.

*Id.* at 175, 141 P. at 714–15.

¶ 9 If an error is invited, we do not consider whether the alleged error is fundamental, for doing so would run counter to the purposes of the invited error doctrine. Instead, as we repeatedly have held, we will not

---

1. In documents submitted to this court, the defendant for the first time suggests that he did not request the theft instruction as given. The defendant has waived any right to make that argument for at least two reasons. First, he did not raise the argument either before the trial court or the court of appeals, even when faced with the State's assertion that he had requested the very instruction he now challenges. *See Van Loan v. Van Loan*, 116 Ariz. 272, 274, 569 P.2d 214, 216 (1977). Second, he has not provided us those portions of the record that would permit us to determine whether the instruction requested and that given differed in any regard.

2. The relevant portion of the theft statute states: "A. A person commits theft if, *without lawful authority*, the person knowingly: 1. Controls property of another with the intent to deprive the other person of such property...." Ariz.Rev. Stat. § 13–1802.A.1 (2000) (emphasis added).

find reversible error when the party complaining of it invited the error. *See, e.g., Diaz,* 168 Ariz. at 365, 813 P.2d at 730 (invited error is waived for appeal purposes); *State v. Dutton,* 106 Ariz. 463, 466, 478 P.2d 87, 90 (1970) (party cannot object on appeal to a requested instruction); *State v. Evans,* 88 Ariz. 364, 369, 356 P.2d 1106, 1109 (1960)(court refused to consider as grounds of error instructions requested by defendant); *Town of Williams v. Perrin,* 70 Ariz. 157, 161, 217 P.2d 918, 920 (1950)("A party may not complain of instructions given at his request and is bound by the theory of his own instructions."); *Sisson,* 16 Ariz. at 175, 141 P. at 714–15.

¶ 10 The court of appeals did not apply the invited error doctrine because, it explained, "no published Arizona opinion disapproves of [the RAJI at issue, and] it would be unduly harsh to apply the invited error doctrine to a standard instruction that has previously enjoyed the imprimatur of the courts." 199 Ariz. 256, 258, 17 P.3d 101, 103 (App.2000). We disagree with the court of appeals' conclusion.

¶ 11 First, the focus and purpose of the invited error doctrine do not shift depending upon the source of a challenged instruction. The purpose of the doctrine is to prevent a party from "inject[ing] error in the record and then profit[ing] from it on appeal." *State v. Tassler,* 159 Ariz. 183, 185, 765 P.2d 1007, 1009 (App.1988). We achieve that purpose by looking to the source of the error, which must be the party urging the error, rather than by considering the source of the challenged instruction.

¶ 12 Moreover, this defendant has no basis for arguing, and indeed he does not, that he believed the theft instruction he proposed had somehow been approved by this court. In the past, we did give "qualified approval for various jury instructions, which were then published as *Recommended* Arizona Jury Instructions." RAJI *(Criminal)* iii (2000). In 1996, however, we determined that we would "no longer issue qualified approvals for *any* jury instructions." *Id.* As a result, the State Bar of Arizona created standard jury instructions and renamed them the "Revised Arizona Jury Instructions." A no-

tice accompanying the instructions warns users of the new RAJI that "these instructions, as a group, have not received any approval from the Arizona Supreme Court." *Id.*

¶ 13 The court of appeals failed to afford our 1996 action its full significance. Logan's trial commenced two years after we withdrew any advance approval of the RAJI, and he therefore could not have relied upon any notion that the instructions bore the imprimatur of the court.

¶ 14 Nothing in *State v. Diaz* holds to the contrary. There, the defendant requested the same instruction that we had struck down five years prior to his trial in *State v. Hunter,* 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). *See Diaz,* 168 Ariz. at 364, 813 P.2d at 729. Because *Hunter* established a new constitutional rule, we applied the decision retroactively to defendants who had requested the same faulty instruction prior to the decision, and allowed them to raise an objection for the first time on appeal. Our *Diaz* opinion briefly discusses two such cases in which the invited error doctrine was not applied to requests for the condemned instruction. *See State v. Tittle,* 147 Ariz. 339, 342, 710 P.2d 449, 452 (1985); *State v. Garcia,* 152 Ariz. 245, 250–51, 731 P.2d 610, 615–616 (App.1986). In both cases, the defendant received a new trial because he had requested the faulty instruction "before this court's opinion in *Hunter* condemned its use." *Diaz,* 168 Ariz. at 365, 813 P.2d at 730. *Diaz,* however, did not obtain relief because "unlike in *Tittle* and *Garcia,* the rule in *Hunter* had been on the books for five years before the trial." *Id.* We reasoned that "[a] workable adversarial court system requires imputation of knowledge of the law to litigants—an imputation from which litigants should be relieved only sparingly." *Id.*

¶ 15 *Diaz* did not change the doctrine of invited error. In this instance, the defendant requested the theft instruction that he now urges as error. As we have held in similar instances, "equity favors the application of the usual rule of invited error rather than the exceptional rule of fundamental error." *Diaz,* 168 Ariz. at 366, 813 P.2d at 731. We therefore apply the usual approach here

and hold that, because the defendant requested the challenged instruction, we will not consider it as a ground of error.

### III.

¶ 16 The court of appeals also concluded that the trial court erred in allowing the lead investigator to testify as an expert on "elderly abuse." Because the court of appeals had reversed Logan's conviction based upon the theft instruction, the court did not consider whether the erroneous admission of this evidence requires reversal. We therefore remand this matter to the court of appeals to consider that issue.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and FREDERICK J. MARTONE, Justice.