NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER WILLIAM SYLVESTER, *Appellant.*

No. 1 CA-CR 13-0543
FILED 06-17-2014

Appeal from the Superior Court in Mohave County
No. S8015CR201200503
The Honorable Derek Carlisle, Judge
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Mohave County Legal Advocate Attorney's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maurice Portley and Judge Andrew W. Gould joined.

---

**W I N T H R O P,** Presiding Judge:

**¶1** Christopher William Sylvester ("Appellant") appeals his convictions and sentences for possession of drug paraphernalia and misconduct involving a weapon. Appellant argues the State improperly commented on the fact that he had invoked his Fifth Amendment right to remain silent. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2** On April 5, 2012, police officers executed a search warrant at a residence in Bullhead City, Arizona. They found Appellant and a woman lying on a bed in the front bedroom, with a loaded handgun on the nightstand next to Appellant. Next to the bed, the officers found a shower kit that contained men's toiletry items and a glass methamphetamine pipe. On the covers near the middle of the bed, the officers found a small marijuana pipe, which contained burnt marijuana residue and fresh marijuana packed into the pipe.

**¶3** Appellant was charged by indictment with Count V, possession of drug paraphernalia, a class six felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3415 (West 2014)[2]; Count VI, possession of marijuana, a class six felony, in violation of A.R.S. § 13-3405(A)(1); and Count VII, misconduct involving a weapon, a class four felony, in violation of A.R.S. § 13-3102(A)(4). At trial, the parties stipulated Appellant had been convicted of a felony and his right to

---

[1]    We view the facts in the light most favorable to sustaining the verdicts and resolve all reasonable inferences against Appellant. *See State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

[2]    We cite the current version of each statute unless revisions material to our decision have occurred after the relevant date.

possess a gun had not been restored - i.e., he was a prohibited possessor. The jury found Appellant guilty of Counts V and VII as charged, and not guilty of Count VI. After finding Appellant had one historical prior felony conviction, the court sentenced Appellant to consecutive mitigated sentences of one year in prison for Count V and three years' imprisonment for Count VII. We have jurisdiction over Appellant's timely appeal pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 13-4031 and 13-4033.

## ANALYSIS

¶4        At trial, the following exchange took place between defense counsel and a testifying police officer who was present during Appellant's arrest:

> Q: Did you ever have an opportunity to ask [Appellant] about him having a vehicle there?
>
> A: Both the subjects in the bed, including [Appellant], invoked their rights, so there was no questioning beyond that.

Defense counsel approached the bench and objected to the answer as an impermissible comment on Appellant's right to remain silent. The prosecutor argued the answer should have been expected, and the court agreed. Nonetheless, the court instructed the jury to disregard the answer and struck it from the record.

¶5        Appellant argues his convictions should be reversed because "the officer intentionally volunteered the extra and unnecessary information that Appellant invoked his *Miranda*[3] rights, rather than just answering the question in the negative." We disagree.

¶6        In general, a defendant's right to due process is violated when the State elicits testimony from a witness at trial that the defendant asserted his right to remain silent. *See State v. Gilfillan*, 196 Ariz. 396, 406, ¶¶ 36-37, 998 P.2d 1069, 1079 (App. 2000). A defendant who invites error at trial, however, may not then assign the same as error on appeal. *State v. Pandeli*, 215 Ariz. 514, 528, ¶ 50, 161 P.3d 557, 571 (2007) (citations omitted); *accord State v. Logan*, 200 Ariz. 564, 565-66, ¶¶ 9, 11, 30 P.3d 631, 632-33 (2001) (recognizing the invited error doctrine precludes a party

---

3        *Miranda v. Arizona*, 384 U.S. 436 (1966).

from injecting error into the record and then profiting from it on appeal (citations omitted)).

**¶7**        In this case, the police officer's testimony that Appellant had "invoked [his] rights" was directly responsive to a question posed by defense counsel. Because it was Appellant's own counsel – and not the prosecutor – who elicited the testimony, Appellant's argument is foreclosed by the invited error doctrine. Consequently, Appellant cannot use the alleged error as grounds for reversal on appeal. *See Pandeli*, 215 Ariz. at 528, ¶ 50, 161 P.3d at 571.

**¶8**        Moreover, even if the officer's statement could be attributed to the State, that statement was the only reference to Appellant's Fifth Amendment rights made during trial, and the court immediately struck the statement and instructed the jury to disregard it. We presume jurors follow a court's instructions. *State v. Newell*, 212 Ariz. 389, 403, ¶ 69, 132 P.3d 833, 847 (2006). Here, the plain facts of the case, as well as the trial court's prompt instruction striking the officer's statement and directing the jury to disregard it, render the statement harmless beyond a reasonable doubt. *See State v. Anderson*, 110 Ariz. 238, 241, 517 P.2d 508, 511 (1973) (acknowledging the doctrine of harmless error may be applied "when the evidence of guilt is overwhelming and the record reflects that the error, though fundamental, did not contribute to the guilty verdict").

## CONCLUSION

**¶9**        Appellant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh