NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CARLEEN CRENSHAW BRUCE, *Appellant.*

No. 1 CA-CR 13-0788

FILED 11-25-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2010-112998-001 SE
The Honorable David B. Gass, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**P O R T L E Y**, Judge:

**¶1**        Carleen Crenshaw Bruce challenges her convictions for interfering with judicial proceedings, a Class 1 misdemeanor; resisting arrest, a Class 6 felony; and possession of dangerous drugs, a Class 4 felony. She claims that the trial court erred by: (1) conducting a suppression hearing in her absence and (2) denying a motion to suppress her statement to police prior to receiving *Miranda*[1] warnings. For the reasons that follow, we affirm.

## FACTUAL BACKGROUD

**¶2**        Before trial, Bruce filed a motion to suppress statements that she made to a Mesa police officer after her arrest for interfering with judicial proceedings and resisting arrest. In her presence, the court set the motion for a hearing on November 4, 2011. The State subsequently learned of a conflict and, with no defense objection, the court moved the hearing to November 2 by minute entry.

**¶3**        Bruce did not appear for the rescheduled hearing. The trial court asked if the parties wanted to proceed. Bruce's lawyer advised the court that he had left a message with his client of the change in schedule, but did not know if she received the message. Counsel, however, told the court that he was ready to "go forward with the motion at this time," and confirmed that he was not going to call Bruce to testify.

**¶4**        The hearing proceeded and the police officer, the sole witness, testified. The court denied the motion to suppress. Bruce was subsequently convicted at a bench trial and sentenced.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## DISCUSSION

### I.

**¶5**          Bruce argues on appeal that her rights under the Sixth Amendment and Fourteenth Amendment to the United States Constitution were violated and the trial court committed reversible error by holding the suppression hearing in her absence. U.S. Const. amend. VI; Ariz. Const. art. 2, § 14. We disagree because any error was invited and her argument is foreclosed by the invited error doctrine.

**¶6**          The invited error doctrine provides that a defendant who invites error at trial may not complain of that error on appeal. *State v. Pandeli*, 215 Ariz. 514, 528, ¶ 50, 161 P.3d 557, 571 (2007). The purpose of the doctrine is to prevent a party from creating or injecting error into a proceeding and then profiting from it on appeal. *State v. Logan*, 200 Ariz. 564, 566, ¶ 11, 30 P.3d 631, 633 (2001). Thus, if error is invited, we do not consider if the alleged error is fundamental because doing so would run contrary to the purposes of the doctrine. *Id*. at 565-66, ¶ 9, 30 P.3d at 632-33.

**¶7**          Bruce argues that her presence at the hearing would have been helpful because she could have heard the officer's testimony and been available to testify and contradict the officer's testimony.[2] Bruce's trial lawyer, however, had the opportunity to ask the court to continue the hearing if he thought Bruce's presence at the hearing would have been helpful to his interrogation of the officer. He apparently did not think her presence was necessary and specifically informed the court that he did not intend to call her to testify and wished to proceed without her.

**¶8**          Although she may argue with his strategy, a defendant may be bound by her counsel's "trial strategy, misconduct and mistakes of counsel so long as counsel's assistance at trial was not reduced to a 'mere farce or sham.'" *State v. Levato*, 186 Ariz. 441, 444 n.3, 924 P.2d 445, 448 n.3 (1996) (quoting *State v. Jones*, 110 Ariz. 546, 550, 521 P.2d 978, 982 (1974)). Bruce's lawyer thought he could proceed in her absence, and the record confirms that he was prepared to challenge the officer's testimony. Consequently, because Bruce's lawyer explicitly told the court that he

---

[2] Bruce has not specified on appeal how she could have assisted her lawyer at the hearing other than a generalized assertion of assistance.

wished to proceed in her absence, Bruce may not now assert her absence as error on appeal. *Pandeli*, 215 Ariz. at 528, ¶ 50, 161 P.3d at 571.

## II.

**¶9** Bruce also argues that the court committed reversible error by denying her motion to suppress. We review a ruling on a motion to suppress for an abuse of discretion. *State v. Zamora*, 220 Ariz. 63, 67, ¶ 7, 202 P.3d 528, 532 (App. 2009). "We defer to the court's factual determinations; however, to the extent its ultimate ruling is a conclusion of law, we review de novo." *Id.* (citation omitted). And in reaching our decision we only consider the evidence presented at the suppression hearing and view that evidence, and reasonable inferences therefrom, in the light most favorable to upholding the ruling. *State v. May*, 210 Ariz. 452, 454, ¶ 4, 112 P.3d 39, 41 (App. 2005) (citation omitted).

**¶10** After Bruce was arrested, she was transported to the police station for booking. After pulling into the sally port of the garage, Officer Christopher Colburn testified that he asked Bruce a "routine" question that he asks all arrestees "for safety purposes;" namely, "if she had anything hidden on her person that she shouldn't have." Bruce replied that she "had a bag of meth in her left bra." The information was relayed to a female detention officer who searched Bruce prior to booking her into jail and found in Bruce's bra "a baggie containing a crystalline substance [that] tested positive for the presence of methamphetamine." Bruce was subsequently *Mirandized* and voluntarily spoke to Colburn about the matters she was arrested for and possession of a dangerous drug.

**¶11** At the suppression hearing, Bruce, by counsel, argued that Colburn's question constituted custodial interrogation meant to elicit incriminating evidence and because she answered before she was *Mirandized*, her answer had to be suppressed. In denying the motion, the court found that the "single question asked before *Miranda* warnings were given was not for investigative purposes" but simply a "routine question[] asked for booking purposes." In reaching its decision, the court relied on *United States v. Sims*, 719 F.2d 375, 378 (11th Cir. 1983), which held that "requesting 'routine' information for booking purposes is not an interrogation under *Miranda*, even though that information turns out to be incriminating." In fact, the trial court stated:

> I'm persuaded there was just one question and
> I also find persuasive and a heavy factor that
> [defendant] was not suspected of meth

possession.  The suspicion of the offenses were violating the order of protection and resisting arrest, so the fact that the generic question was asked do you have anything on you does not concern the Court that [defendant] should have been *Mirandized* prior to that single question being asked, so the statement made is admissible at trial.

¶12　　　　Bruce contends the court abused its discretion in finding that the question was a routine booking question rather than a question meant to elicit incriminating statements.  She points out that the booking questions in *Sims* and the related cases were different in kind because those questions involved only identification information.  *See id.* at 379 (address and telephone number secured in port-arrest interview).  *See also State v. Jeney*, 163 Ariz. 293, 297, 787 P.2d 1089, 1093 (App. 1989) (ownership of residence searched proved through booking information).

¶13　　　　Although even seemingly innocuous information may, in retrospect, turn out to be incriminating, the answer to an innocuous question should not be suppressed so long as the purpose for which the information is obtained is a routine booking purpose and "not an interrogation under *Miranda*."  *Sims*, 719 F.2d at 378.  Here, the court was persuaded that the officer routinely asked all arrestees this question solely for officer safety reasons.  And the court was also persuaded that the question was "routine" because the charges that Bruce was arrested for, violation of an order of protection and resisting arrest, do not necessarily give rise to a suspicion of drug possession.  Because we give deference to the finder of fact who hears the live testimony and has to judge credibility, *Matter of Pima County Juvenile Action No. 63212-2*, 129 Ariz. 371, 375, 631 P.2d 526, 530 (1981), the denial of the motion to suppress was not an abuse of discretion.[3]

---

[3] We also find that even if there was any error, it was harmless because the drugs would have been found in her bra during the search prior to booking.  "Error is harmless only if we can say, beyond a reasonable doubt, that it 'did not contribute to or affect the verdict.'"  *State v. Green*, 200 Ariz. 496, 501, ¶ 21, 29 P.3d 271, 276 (2001) (quoting *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993)).  Therefore, even without her statement, the drugs in her bra would have been admitted and supports the conviction.

**CONCLUSION**

¶14      For the foregoing reasons, we affirm defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh