NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICKY LLOYD LEIBLY, *Appellant*.

No. 1 CA-CR 14-0170

FILED 12-16-2014

Appeal from the Superior Court in Yuma County
No. S1400CR201300679
The Honorable Stephen J. Rouff, Judge Pro Tem

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Terry Capozzi, Esq., Yuma
By Terry Capozzi
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill joined.

---

**N O R R I S**, Judge:

**¶1**  This appeal arises out of Ricky Lloyd Leibly's convictions and sentences for aggravated assault, a Class 3 felony, possession of marijuana for sale, a Class 4 felony, and possession of drug paraphernalia, a Class 6 felony. On appeal, Leibly challenges only his conviction for aggravated assault, arguing the superior court committed fundamental error when it did not instruct the jury on self-defense and defense of premises.[1] In response, the State argues, first, Leibly "affirmatively state[d] that he was not requesting a justification instruction," and thus invited any alleged error and therefore waived this argument on appeal; and second, even if Leibly did not invite the alleged error, he is unable to show fundamental error and resulting prejudice. We agree with the State's first argument that by affirmatively stating he did not want an instruction on *self-defense* Leibly invited any alleged error as to that instruction and has waived that argument on appeal. We also agree with the State's second argument, and although Leibly did not refuse an instruction on *defense of premises*, he is unable to show fundamental error and resulting prejudice. Thus, we affirm Leibly's convictions and sentences.

I.  Self-Defense Instruction and Invited Error

**¶2**  When a defendant "invites" an error, we do not conduct a fundamental error review, and we will not reverse such an error on appeal. *State v. Logan*, 200 Ariz. 564, 565–66, ¶ 9, 30 P.3d 631, 632–33 (2001). To decide whether a party invited the error, we must determine whether the party complaining of the error is also the party who "was the source of" or caused the error. *Logan*, 200 Ariz. at 566, ¶ 11, 30 P.3d at 633; *see also State*

---

[1]In his opening brief Leibly argues the court committed error by failing to instruct the jury in "defense of property." His argument and citation, however, refer to Arizona Revised Statutes ("A.R.S.") section 13-407 (2010), which describes the justification defense for use of physical force in "defense of premises."

*v. Lucero*, 223 Ariz. 129, 138, ¶ 32, 220 P.3d 249, 258 (App. 2009). If the party complaining of the error is the same party that caused the error, then "the offending party has no recourse on appeal." *Lucero*, 223 Ariz. at 135, ¶ 17, 220 P.3d at 255; *Logan*, 200 Ariz. at 565–66, ¶ 9, 30 P.3d at 632–33.

**¶3** "[T]he crucial fact" in cases involving invited error is "that the party took independent affirmative unequivocal action to initiate the error and did not merely fail to object to the error or merely acquiesce in it." *Lucero*, 223 Ariz. at 136, ¶ 21, 220 P.3d at 256. In *Lucero* this court held the defendant did not invite the error but merely acquiesced in the error proposed by another when he "simply stated that he was not sure of the law in the area and the court's proposal . . . seemed correct." 223 Ariz. at 138, ¶ 32, 220 P.3d at 258.

**¶4** Unlike *Lucero*, however, this is not a case of mere acquiescence. Instead, Leibly, through counsel, affirmatively informed the court he did not want the self-defense instruction he now argues the court should have given. Specifically, in settling the jury instructions, the State raised the issue of whether Leibly would be requesting a self-defense instruction. In response, defense counsel informed the court it was not his "intent" to request such an instruction:

> [Prosecutor]: I asked [defense counsel] briefly. I said, you know, from what I heard from the defendant in his testimony he was raising some self-defense issues there. The State doesn't agree with that at all, as far as the evidence goes. I asked [defense counsel] if he's requesting self-defense or defense of property or anything along those lines and I don't know if we need to discuss that.
>
> [Defense counsel]: *Judge, it was not my intent to ask for the self-defense - -*
>
> THE COURT: I don't think - -
>
> [Defense counsel]: - - instruction.
>
> THE COURT: - - that's really supported by the evidence anyway, such affirmative defenses.

(Emphasis added.).

¶5         The conversation between the court and counsel regarding the self-defense instruction continued with the prosecutor stating, "I don't know how Mr. Leibly personally feels about the record, but I'm not requesting the instruction if [defense counsel] isn't."   To this, defense counsel made no response.  And, the following morning, after the court and counsel discussed the jury instructions further, defense counsel stated, "I think that covers everything, Judge."

¶6         On this record Leibly was the source of the error he alleges on appeal.  Because Leibly invited the alleged error, he is barred from claiming the court should have instructed the jury on self-defense.

II.       Defense of Premises Instruction and Fundamental Error

¶7         Because Leibly did not request an instruction on defense of premises, we review whether the court should have given such an instruction only for fundamental error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005); *see also* Ariz. R. Crim. P. 21.3(c) and cmt. (failing to object to omission of instruction waives the issue on appeal absent fundamental error).  Thus, Leibly bears the burden of establishing fundamental prejudicial error.  *See Henderson*, 210 Ariz. at 567, ¶¶ 19–20, 115 P.3d at 607.

¶8         Although a defendant is entitled to a "justification [defense] instruction if it is supported by the slightest evidence," the superior court, "does not err in refusing to give a jury instruction that . . . does not fit the facts of the particular case."   *State v. Hussain*, 189 Ariz. 336, 337, 942 P.2d 1168, 1169 (App. 1997) (citation omitted) (internal quotations omitted). Under A.R.S. § 13-407, a person may threaten "to use deadly physical force . . . against another when and to the extent that a reasonable person would believe it immediately necessary to prevent or terminate the commission or attempted commission of a criminal trespass by the other person in or upon the premises."

¶9         At trial Leibly testified the victim aggressively drove up to his property, and he and the victim began yelling at each other.  Leibly further testified that during the yelling, the victim began to reach around in the cab of his truck, so Leibly ran inside his trailer to get his gun.  The victim had not yet gotten out of his truck or approached Leibly's gate.  Leibly testified he grabbed his gun, ran out of his trailer, and then he saw the victim standing at his gate, about 15 feet away.  He also testified that when the victim saw him come out of the trailer, the victim turned around and started to run away.  According to Leibly he thought that was funny, started

laughing, put the gun in his pocket, and walked over to talk to the victim. Leibly also denied ever pointing his gun at the victim—testimony contrary to the concept of a justification defense that is predicated on a factual assertion that "my assault was justified because . . . ." *Cf. State v. Ruggiero*, 211 Ariz. 262, 265, ¶ 11, 120 P.3d 690, 693 (App. 2005) (defendant who disclaims assaultive behavior on his part not entitled to self-defense instruction).

**¶10** Given this evidence, a defense of premises instruction would not have "fit" the facts of this case. And, the omission of such an instruction did not deprive Leibly of a "right essential to his defense," *Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607, or impact the foundation of his defense, which was that he had not committed an assault. Accordingly, the superior court did not commit fundamental error in failing to *sua sponte* instruct the jury on defense of premises.

**¶11** For the foregoing reasons we affirm Leibly's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama