NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DB STARNES, III, *Appellant.*

No. 1 CA-CR 19-0352
FILED 07-21-2020

---

Appeal from the Superior Court in Maricopa County
No. CR2015-002033-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**G A S S**, Judge:

**¶1**　　　　DB Starnes III appeals his second-degree murder conviction. For the following reasons, this court affirms.

## FACTUAL[1] AND PROCEDURAL HISTORY

**¶2**　　　　In February 2015, Starnes and his girlfriend at the time, S.L., went barhopping in Scottsdale with a group of friends. Starnes abruptly left the group while S.L. stayed out. S.L. and a friend later took a taxi from the bars back to her apartment, which S.L. shared with Starnes.

**¶3**　　　　Before arriving home, S.L. sent Starnes a picture of herself, her friend, and their taxi driver, A.C., to show Starnes she was angry with him and "done." When S.L. arrived at their apartment, she texted her pinpoint location to Starnes. Starnes went to the taxi and a fight broke out between Starnes and A.C. At one point, S.L. tried to stop the fight, but Starnes shoved her to the ground. Starnes punched A.C. with his fists and kicked him after he was laying on the ground unconscious. S.L. testified she heard A.C. making gurgling noises as if he was trying to breathe.

**¶4**　　　　A neighbor—awakened by the taxi's alarm—called 911. When the police arrived, they could not find Starnes and had to search for him throughout the apartment complex. About an hour and a half later, the police found Starnes crouched underneath a staircase with his dog. The police advised Starnes of his rights and then questioned him.

**¶5**　　　　A.C. was taken to the hospital, but by then he was not responsive. After 11 days in the intensive care unit, A.C. was discharged

---

[1]　　　This court reviews the facts in the light most favorable to sustaining the jury's verdict, resolving all reasonable inferences against Starnes. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015). This court does not reweigh the evidence or assess witness credibility, because those are jury functions. *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

to hospice. He died nine days later. The cause of death was complications of blunt force trauma to the head.

**¶6**      A grand jury indicted Starnes on three counts: (1) second-degree murder, a class 1 felony; (2) assault, a class 3 misdemeanor; and (3) criminal damage, a class 2 misdemeanor. Starnes testified at trial, claiming he acted in self-defense. While finalizing jury instructions, both the prosecution and defense counsel agreed to move forward with jury instructions for second-degree murder only, and not any lesser-included offenses such as manslaughter.

**¶7**      A jury convicted Starnes on all three counts. The jury also found aggravation because the murder caused emotional or financial harm to the victim's immediate family. The superior court sentenced Starnes to 20 years of imprisonment on the second-degree murder charge and concurrent time served on the two misdemeanor counts. The superior court gave Starnes 1,592 days of presentence incarceration credit.

**¶8**      Starnes timely appealed. Jurisdiction is proper under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 13-4031, and 13-4033.A.1.

## ANALYSIS

**¶9**      Starnes told the superior court he did not want the jury instructed on lesser-included offenses. He now argues his second-degree murder conviction should be reversed because the superior court did as he requested.

**¶10**      When a defendant expressly declines to have the superior court give a lesser-included offense instruction, the invited error doctrine applies. *See State v. Fish*, 222 Ariz. 109, 132, ¶ 80 (App. 2009). A conviction, therefore, will not be reversed even if the superior court erred when it did not give the instruction. *Id*. Further, when an error is invited, this court does not consider whether the error is fundamental. *See State v. Logan*, 200 Ariz. 564, 565, ¶ 9 (2001). "The purpose of this doctrine is to prevent a party from injecting error in the record and then profiting from it on appeal." *State v. Mendoza*, 248 Ariz. 6, 17, ¶ 20 (App. 2019) (internal quotations omitted). To determine whether the invited error doctrine applies here, this court looks to the source of the error to determine if Starnes affirmatively initiated it. *See Logan*, 200 Ariz. at 566, ¶ 11.

**¶11**      Starnes' counsel expressly informed the superior court he did not want to include jury instructions on the lesser-included offense of

manslaughter. The superior court began the discussion by saying, "well, if I understood right, the defendant was thinking he'd just go with as charged, and now the State was thinking about lesser-include[d]s." Starnes' counsel then affirmed Starnes wanted to continue as charged and did not want instructions on any lesser-included offenses.

¶12 The superior court then told both the prosecution and defense counsel they were "entitled to as many lesser-includeds as they want, essentially, so long as [they] can support it." The prosecution stated it did not want to include any lesser-included offenses, and discussed removing language in the jury instructions on "heat of passion" because it was only applicable on the lesser charge of manslaughter. Defense counsel responded, "we would agree then that if we're not doing the lesser, then that paragraph doesn't make sense to keep."

¶13 Starnes argues his second-degree murder conviction should be reversed for fundamental error under *State v. Valenzuela*, 194 Ariz. 404 (1999). *Valenzuela*, however, is distinguishable. In *Valenzuela*, the superior court judge concluded the evidence supported giving an instruction for reckless manslaughter, but inadvertently failed to give the instruction to the jury. *See* 194 Ariz. at 405, ¶ 1. The jury convicted the defendant of second-degree murder. *Id*. Our Supreme Court reversed the conviction because the superior court committed fundamental error when it failed to give the lesser-included instruction. *Id*. at 407-08, ¶¶ 16-17.

¶14 The difference between *Valenzuela* and this case is dispositive—Starnes expressly asked not to have jury instructions on lesser-included offenses. He invited the error. The superior court, therefore, did not err when it only instructed the jury on second-degree murder.

**CONCLUSION**

¶15 This court affirms.

