NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE DEPENDENCY AS TO T.T., J.T., B.T., and G.T.

No. 1 CA-JV 23-0182
FILED 4-30-2024

---

Appeal from the Superior Court in Maricopa County
No. JD507431
The Honorable Melody Harmon, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellee DCS*

Diane Leos, Esq.
By Diane Leos
*Counsel for Appellee Children*

_____

## MEMORANDUM DECISION

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

_____

**F O S T E R**, Judge:

¶1          P.T. ("Father") appeals the superior court's order adjudicating his children T.T., J.T., B.T., and G.T. (collectively, "the Children") dependent as to him. For the reasons below, the superior court's ruling is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          Father and S.G. ("Mother") are the parents of the Children. Mother also has two children not in common with Father, including a minor daughter, D.G. Father and Mother have been together for over a decade, and Father has helped raise Mother's two other children from a "very young age."

¶3          In February 2023, D.G. told the Department of Child Services that Father had been sexually abusing her for the past five years. She reported that Father started touching her inappropriately at age 9, began having intercourse with her at age 11, sent her a pornographic video in the last year, and continued having intercourse with her up until the previous month. The month D.G. reported the abuse, the department petitioned for dependency, alleging the Children were dependent as to Father for abuse, and removed the Children and D.G. from the home.

¶4          At the preliminary protective hearing and initial dependency hearing in March, the court read the Form 1 notice to Father. That notice advises parents that they "must appear for every court date," including the adjudication hearing dates: "If you don't show up for a court date and you don't have a good reason for not showing up, the court may find you have waived your rights in this case and you have admitted the allegations in the dependency petition." A few days later, Father filed a signed Form 1.

¶5          The superior court held three days of trial from June to August. Father appeared on the first day along with his attorney. On the

second day, Father did not appear. His attorney moved to waive his appearance, which the court granted after no party objected. The evidentiary portion of the trial ended after the second day, and a third day was set for closing arguments. Father again did not show for the third day, but he was represented by counsel; neither the court nor his counsel addressed his absence. After the trial, the court found the Children dependent as to Father because of abuse, "[s]pecifically, Father was openly sexually abusing [D.G.] within the home for a period of years[,] . . . exposed his children to pornography," and other criminal behavior of a sexual nature. The court also found that "Father failed to appear for the last 2 days of trial and failed to rebut his sexual abuse in anyway."

¶6            Father timely appealed after receiving a good cause extension. This Court has jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

¶7            Father contends that the superior court violated his due process protections and prejudiced him by unlawfully finding that Father failed to appear for part of his dependency trial. He argues that the court could not lawfully find that he failed to appear because the court never found that he was absent without good cause. This Court reviews statutory interpretation, rules interpretation, and constitutional issues *de novo*. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018).

## I.    The Superior Court's Lack of Findings on the Second Day Was Not Error Because Father Requested His Presence Be Waived.

¶8            Parents have a right to attend dependency hearings regarding their children. *See Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 46, ¶ 14 (App. 2006). This is based on parents' fundamental right "to the companionship, care, custody, and management of [their] children." *Id.* (quoting *Michael M. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 198, 200, ¶ 8 (App. 2002)) (internal quotations omitted). But parents, or their attorneys, may waive this right to attend. *See State v. Kolmann*, 239 Ariz. 157, 161, ¶ 12 (2016) (explaining that defendants' right to be present "is not absolute and it may be waived by defendants or their counsel"); *see also Rogone v. Correia*, 236 Ariz. 43, 52, ¶ 32 (App. 2014) ("Attorneys serve as agents of their clients and bind them through actions they take within the scope of the representation.").

¶9            Here, on the second day, Father's attorney requested Father's presence be waived, and the court explicitly granted the request. Because

Father's actions, through his counsel, successfully sought for the hearing to continue without him, this Court will not allow him to now claim the court erred by granting his request. *See State v. Logan*, 200 Ariz. 564, 566, ¶ 11 (2001) ("The purpose of the [invited error] doctrine is to prevent a party from injecting error in the record and then profiting from it on appeal.") (cleaned up); *Sunland Dairy LLC v. Milky Way Dairy LLC*, 251 Ariz. 64, 70, ¶ 24 (App. 2021) ("By the rule of invited error, one who deliberately leads the court to take certain action may not upon appeal assign that action as error." (quoting *Caruthers v. Underhill*, 235 Ariz. 1, 7, ¶ 23 (App. 2014))). This Court therefore concludes the court did not err in proceeding with the second day of trial after Father waived his presence.

## II.     The Superior Court's Lack of Findings Regarding Father's Appearance on the Third Day Was Not Fundamental Error.

**¶10**     On the third day, Father also did not appear. He was again represented by counsel, but this time his attorney neither sought to waive his presence nor objected to the hearing proceeding. When a parent fails to object to an alleged due process violation in the superior court, this Court reviews for fundamental error. *Brenda D.*, 243 Ariz. at 447, ¶ 37; *see also Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 489, ¶ 20 (App. 2015) (finding no fundamental error after "[a]ssuming, without deciding, that fundamental review is also available to a parent challenging a dependency adjudication"). The first step in a fundamental error review is to determine whether the court erred. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018); *see also Brenda D.*, 243 Ariz. at 429-30, ¶ 38 (citing to criminal cases for fundamental review analysis when discussing it in a termination case).

**¶11**     Parents may waive their rights by failing to attend and consequences may result. When the court sets dependency adjudication hearings, it must instruct the parents that failing to appear "may result in an adjudication of dependency." A.R.S. § 8-826. If parents do not show, then after the court determines they were given this instruction, the court may find the parents have waived their legal rights and admitted the allegations. A.R.S. § 8-844(F). But before the court may continue dependency adjudications in the parents' absence, it must find that the parents "failed to demonstrate good cause for the failure to appear." Ariz. R.P. Juv. Ct. 338(e)(3); *see also Brenda D.*, 243 Ariz. at 443, 448, ¶¶ 20, 40 (finding this requirement for termination proceedings, whose statutes have similar language). The court must also include findings relating to the parents' absence in its minute entries. Ariz. R.P. Juv. Ct. 338(h)(3).

**¶12**        Again, the court made no findings on the third day about whether Father's absence was for good cause. But because the third day of the trial was for closing arguments without any new evidence presented, the court was not required to determine whether Father waived his rights or whether his absence was for good cause. *Compare Brenda D.*, 243 Ariz. at 444, ¶ 24 (stating a termination adjudication hearing is complete "at the close of evidence, when the matter is submitted for the court's decision") *with id.* at 448, ¶ 40 ("If a parent never appears at the hearing, then when the evidence is closed the juvenile court should confirm the absent parent's waiver of rights[.]"). Because the court was not required to make these findings for a day set for closing arguments, then there is no error and the fundamental error analysis ends.

**¶13**        But even assuming the superior court erred, Father still would not be entitled to relief if the error was not fundamental. *Escalante*, 245 Ariz. at 142, ¶ 21. A fundamental error is one that either "went to the foundation of the case, . . . took from the [parent] a right essential to his defense, or . . . was so egregious that he could not possibly have received a fair trial." *Id.* If a parent proves the egregiousness prong, then prejudice is also established. *Id.* Otherwise, the parent must separately show prejudice, meaning that without the error the trier of fact could have reached a different verdict. *Id.* at 142, 144, ¶¶ 21, 29. These are fact-intensive inquiries requiring this Court to look at the totality of the circumstances. *Id.*

**¶14**        Father argues that the court's error prejudiced him because it allowed the court to deem that he had admitted the allegations against him and relieved the State of its burden of proof. *See* A.R.S. § 8-844(F). But the court never found that Father admitted the allegations; it found that Father "failed to rebut his sexual abuse in anyway." "Failing to rebut" and "admitting" are not synonymous. The record indicates that the court held the State to its burden to prove the dependency by a preponderance of the evidence. A.R.S. § 8-844(C); Ariz. R.P. Juv. Ct. 338(c)(1). The record is replete with unrebutted evidence of Father's heinous acts towards the Children and D.G., which supports the court's findings.

**¶15**        Further, the totality of the circumstances shows no fundamental error. Father was represented by his counsel each day of the hearing. *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 307, ¶ 25 (App. 2007) ("[When] a parent fails to appear but is still represented by counsel, the court may proceed in that parent's absence because his or her rights will be protected by the presence and participation of counsel."). Nothing in the record indicates Father wished to attend and testify. The third day was dedicated to closing arguments, and the parties did not

present new evidence. Though the court's findings were sparse, nothing in the record demonstrates that Father was deprived of "a right essential to his defense, or . . . that [Father] could not possibly have received a fair trial." *Escalante*, 245 Ariz. at 142, ¶ 21. There was no fundamental error.

## CONCLUSION

**¶16**       For the reasons above, the superior court's dependency order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA