NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER MICHAEL RUSSO, *Petitioner*.

No. 1 CA-CR 23-0259 PRPC
FILED 07-09-2024

---

Petition for Review from the Superior Court in Maricopa County
No. CR2009-007734-01
The Honorable Pamela S. Gates, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

Christopher Michael Russo, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

---

**J A C O B S**, Judge:

¶1        Christopher Michael Russo petitions this court for review of the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        The State tried Russo on charges of first degree murder (premeditated or, in the alternative, felony murder), aggravated assault, and two counts of kidnapping based on the following evidence:  Russo's girlfriend, C.H., drove from California to Arizona with a female friend, T.M., in an attempt to end her relationship with Russo.  C.H. and T.M. stayed in a Tempe hotel suite for several days.  Russo flew to Arizona, located C.H. in the hotel suite with another man, J.O., and then tased and beat both of them—killing C.H. in the process.  T.M. returned to the suite and found C.H. dead.  Russo used T.M.'s rental vehicle to dispose of C.H.'s body then returned to California in the vehicle with T.M.

¶3        In his defense, Russo submitted that C.H. died of a drug overdose; he traveled to Arizona out of concern for her well-being; and J.O. and T.M. lied about what happened to conceal their culpability in C.H.'s death.  After the day Russo arrived in Arizona, C.H. was never heard from again and her remains were never found.

¶4        A jury found Russo guilty of felony murder (in the course and in furtherance of kidnapping) and the other counts as charged.[1]  The superior court sentenced him to concurrent and consecutive prison terms, the longest being natural life.  This court affirmed the convictions and sentences on direct appeal. *State v. Russo*, 1 CA-CR 15-0042, 2016 WL 671214 (Ariz. App. Feb. 18, 2016) (mem. decision).

---

[1]        Jurors did not unanimously find Russo guilty of premeditated murder.

¶5            Russo timely filed a notice requesting post-conviction relief and was appointed counsel to represent him.  After his appointed attorney represented that she could find no colorable claims to raise, Russo filed a petition *in propria persona*.

¶6            Russo's petition raised claims of ineffective assistance of counsel ("IAC").  He contended that trial counsel performed deficiently by (1) not securing the testimony of a material witness, (2) not introducing evidence of C.H.'s mental state, (3) not objecting to other-act evidence that Russo sold drugs, (4) not challenging the prosecutor's misrepresentation of forensic blood evidence, (5) not requesting a lesser included instruction on second degree murder, and (6) not moving to suppress unlawfully obtained evidence.  Russo contended that appellate counsel performed deficiently by not raising claims (1) that the superior court should have given a second degree murder instruction *sua sponte* and (2) that the superior court erred by denying Russo's Rule 20 motion for a directed verdict.

¶7            The superior court dismissed Russo's claims.  We grant review of his timely petition for review.  *See* A.R.S. § 13-4239(G).

## DISCUSSION

¶8            We review the superior court's denial of post-conviction relief "for an abuse of discretion, which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021).  We review the court's factual findings for clear error but consider legal questions de novo.  *State v. Pandeli*, 242 Ariz. 175, 180 ¶¶ 3–4 (2017).  We will uphold the superior court's decision "if it is legally correct for any reason."  *State v. Roseberry*, 237 Ariz. 507, 508 ¶ 7 (2015).

¶9            In his petition for review, Russo argues he should have received an evidentiary hearing on all IAC claims raised except for trial counsel's failure to move for suppression.[2]  Ineffective assistance claims present mixed questions of fact and law.  *Pandeli*, 242 Ariz. at 180 ¶ 4.  To state a colorable IAC claim, the defendant "must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant."  *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "The scrutiny of counsel's performance must be highly deferential and '[a] fair

---

[2]       Because Russo does not refer to his suppression argument on review, it is waived.  *See* Ariz. R. Crim. P. 32.16(c)(4).

assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'" *Bigger*, 251 Ariz. at 408 ¶ 11 (quoting *Strickland*, 466 U.S. at 689). The defendant shows prejudice by establishing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *Bennett*, 213 Ariz. at 567 ¶ 21.

## I.     IAC Claims Pertaining to Trial Counsel

¶10        The superior court acted within its discretion by dismissing Russo's IAC claims as to his trial counsel. Russo fails to establish a colorable claim of deficient performance, prejudice, or both, as to each alleged basis of IAC.

¶11        Russo contends his attorney should have better promoted his defense by (1) securing a witness who would have testified that C.H. overdosed in the past and (2) presenting notes written by C.H. that suggested she was depressed when she left California for Arizona. Neither claim is colorable because Russo does not show a reasonable probability that admission of the evidence would have led to a different outcome. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). T.M. and J.O.—who did not know each other—offered consistent testimony showing that C.H. had little access to drugs and was neither intoxicated nor high on the day she died. Given that testimony and other evidence that Russo killed C.H., evidence that C.H. had overdosed in the past, or that she felt depressed, does not establish a reasonable probability that jurors in this case would believe she died of an intentional overdose.

¶12        Russo's claim that counsel should have sought to preclude, or otherwise objected to, other-act evidence of his drug dealing was also permissibly dismissed. Notes between Russo and his attorney show that counsel chose not to challenge the drug-dealer evidence because it "d[id] not hurt [the defense's] version" of what occurred. Defense counsel's decision was not objectively unreasonable because evidence that Russo sold or provided drugs to C.H. and numerous State witnesses supported the defense theory that C.H. died of an overdose and enabled the defense to present State witnesses as drug addicts who lacked credibility. *See Strickland*, 466 U.S. at 690–91 ("[S]trategic choices made after thorough

investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). Furthermore, the superior court mitigated any prejudicial impact by instructing jurors not to consider the other-act evidence as proof that Russo had, or acted in conformity with, a particular character trait. *See State v. Connor*, 215 Ariz. 553, 564 ¶ 39 (App. 2007).

**¶13** Nor did Russo raise a colorable IAC claim based on counsel's handling of evidence and argument about whether C.H.'s blood was found in the trunk of T.M.'s car. T.M. testified that after Russo killed C.H. in the hotel suite, he removed from the room a pile of bedding large enough to conceal a body, and took T.M.'s rental car for a few hours. When law enforcement processed the vehicle several weeks later, a chemical test conducted on some areas of the trunk showed a "presumptive" positive for the presence of blood. But when those areas were further analyzed, the results were all negative for blood.

**¶14** Russo argues his attorney provided ineffective assistance by not objecting to statements by the prosecutor that either insinuated or expressly referred to blood being found in the trunk. Russo fails to establish deficient performance or prejudice. First, even though defense counsel did not formally object to the prosecutor's alleged misrepresentation of the evidence, defense counsel rebutted the prosecutor's statements in other ways. Counsel elicited testimony during cross-examination that blood tests of the trunk were negative and that no testable traces of DNA were found. And counsel responded to the prosecutor's statements in closing argument by observing that the State's testimony about blood in the trunk was "confusing" and arguing it added nothing to the State's case. Second, even if the prosecutor's statements about blood in the trunk were not supported by evidence, they did not prejudice Russo because they could be reconciled with his defense that J.O. and T.M. disposed of C.H.'s dead body — presumably using T.M.'s car since J.O. did not have a car at the hotel.

**¶15** Finally, Russo argues his trial attorney committed IAC by not requesting a jury instruction on second degree murder as a lesser included offense. At defense counsel's request, the superior court instructed the jury on manslaughter and negligent homicide as lesser included offenses of premeditated first degree murder. Russo's attorney expressly declined a second degree murder instruction, however, based on the attorney's position that second degree murder required an intent to kill and there was no "indication" Russo intended to kill C.H.

¶16         Even if his attorney's rejection of a second degree murder instruction was unreasonable, Russo fails to establish prejudice.  The jury found Russo guilty of felony murder, but not premeditated first degree murder.  While second degree murder may be a lesser included offense of premeditated first degree murder, *State v. Krone*, 182 Ariz. 319, 323 (1995), it is not a lesser included offense of felony murder because felony murder has no lesser included offenses.  *See State v. LaGrand*, 153 Ariz. 21, 30 (1987) ("[N]o lesser included offense to felony murder exists because the *mens rea* necessary to satisfy the premeditation element of first degree murder is supplied by the specific intent required for the felony.").  Because jurors found Russo guilty of felony murder, they had no reason to consider second degree murder as a lesser included offense of premeditated first degree murder.  *Cf. State v. Canion*, 199 Ariz. 227, 231 ¶ 13 (App. 2000) (holding that because the jury found the defendant guilty of felony murder, the jury's "extra" guilty verdict on second degree murder as a lesser included offense of premeditated first degree murder was of no impact).

## II.      IAC Claims Pertaining to Appellate Counsel

¶17         The superior court also acted within its discretion by dismissing Russo's IAC claims about appellate counsel.  To merit an evidentiary hearing on such a claim, Russo must show "a reasonable probability" that an issue omitted by appellate counsel "would have succeeded on appeal."  *Bennett*, 213 Ariz. at 568 ¶ 25.  He fails to do so.

¶18         First, Russo fails to show a reasonable probability that a challenge to the denial of his Rule 20 motion would have succeeded.  Russo moved for a directed verdict on the felony murder and predicate kidnapping charges—arguing there was insufficient evidence he kidnapped C.H., whether considered independently or as a predicate felony to her killing.  The superior court denied the motion.  Given evidence that Russo tased C.H. while she was trying to crawl away, and then beat her to death, an appellate claim based on the denial of his Rule 20 motion was unlikely to succeed.  *See State v. Salazar*, 173 Ariz. 399, 410 (1992) (holding there was sufficient evidence the defendant committed felony murder with a kidnapping predicate where "the kidnapping occurred when the victim was beaten on her bed and dragged down to the floor" and "[t]he murder occurred later, when she was strangled on the floor"— showing distinct acts); *see also State v. Herrera*, 174 Ariz. 387, 393 (1993) (holding there was "substantial evidence supporting the jury's determination that the [victim's] murder resulted from an act taken to facilitate the [victim's] kidnapping" despite a lack of direct evidence that

the defendant set out to perform a kidnapping that then led to the victim's death).

¶19        Russo also fails to show that an appellate challenge to the superior court's failure to instruct jurors *sua sponte* on second degree murder had a reasonable probability of succeeding.  As explained above, Russo cannot show prejudice from the omitted instruction because jurors found him guilty of felony murder, which has no lesser included offenses. *See LaGrand*, 153 Ariz. at 30.  In addition, such an appellate argument would not have succeeded because trial counsel's express rejection of a second degree murder instruction would be treated as invited error.  *See State v. Logan*, 200 Ariz. 564, 565 ¶ 8 (2001) ("[W]hen a party requests an erroneous instruction, any resulting error is invited and the party waives his right to challenge the instruction on appeal."); *see also Krone*, 182 Ariz. at 323 ("A defendant should not have a lesser included instruction forced upon him.").

**CONCLUSION**

¶20        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

7